Campbell, Appellant, *v.* Gasparini.

Argued March 3, 1952. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent).

*Marshall G. Jones,* with him *Joseph J. Walsh,* for appellant.

*Thomas J. Jones,* with him *Jenkins & Ligi,* for appellee.

OPINION BY ARNOLD, J., July 17, 1952:

This is an appeal from the order of the court of equity of Lackawanna County, refusing to appoint a guardian ad litem for Emma White Campbell, a resident of Lehigh County and an incompetent for whom the Common Pleas of the latter county, on February 28, 1949, appointed as guardian the Allentown National Bank (now the Allentown National Bank & Trust Company) of Allentown, Pa. The fiduciary gave bond and entered into its duties.

After the appointment of the guardian a bill in equity was filed in Lackawanna County in which Marshall G. Jones, Esq., and Emma White Campbell were named as plaintiffs, and Gene Gasparini was defend-

ant. The verification to the pleading was by Mr. Jones.

The bill sought an injunction against an alleged continuing trespass by the defendant, i.e. removing coal from the property alleged to belong to the plaintiffs.

On preliminary objections the court below held that Marshall G. Jones had no interest in the real estate, and that his interest, if any, arose on a contract executed by Emma White Campbell and her father in 1937, whereby Jones was to be reimbursed for legal and other services at the rate of 45% of all monies, etc. collected. From this order, excluding Jones as a party plaintiff, there was no appeal. The record then stood that Emma White Campbell was the plaintiff and Gasparini the defendant.

Mr. Jones next filed a petition for the appointment of a guardian ad litem for Emma White Campbell, and the petition recited that being a resident of Lehigh County, the Common Pleas Court thereof appointed a fiduciary as the guardian of the property of the incompetent. The verification to this petition was by Mr. Jones.

The court below refused the petition for the appointment of a guardian ad litem on the ground that the fiduciary in Lehigh County was alone charged with the protection and management of the incompetent's estate, and as such was able to act in Lackawanna County without any ancillary guardianship. The court further held that since the fiduciary refused to join in the present petition, there was no authority to appoint another guardian, and thus subject the incompetent's estate in Lehigh County to liability for costs or otherwise.

There can be no question that the court below was correct. A guardian of the estate of the incompetent

had already been appointed more than a year before the present suit. Under the provisions of the Act of 1907, as amended, 50 PS §941 et seq., that guardian alone had authority to bring the present action, and no one else may impinge upon that guardian's duties or subject the incompetent's estate to any liability.

If, as intimated, the fiduciary, as guardian of the incompetent, improperly refused to join in the present bill in equity, that question must be resolved in Lehigh County.

The great difficulty with the appellant's position is made clear by the fact that in an appeal from an order or decree of a court in equity, this court must dispose of the costs. Where are the costs to be placed? There never was any authority for Mr. Jones to bring this suit, which could only be brought by the guardian of the incompetent. Therefore the costs cannot be placed upon that guardian or upon the incompetent's estate. There is, of course, no authority to place the costs upon the defendant. Who, then, must pay the costs? It may be conceded that Mr. Jones acted in good faith. Nevertheless he acted without authority. All the pleadings and motions were verified by him, and in reality Emma White Campbell, the incompetent, is *not* the appellant here, but actually the appellant is Marshall G. Jones.

With some reluctance, we must, in affirming the order, place the costs upon him.

The order of the court below is affirmed, the costs to be paid by Marshall G. Jones, Esq., who is not only the mover in all the proceedings but is, in fact, the appellant.